**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | | |
|---|---|---|
| BILLY W. LOCKE,<br><br>Plaintiff,<br><br>v.<br><br>STEVE ROSS and POLK COUNTY,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:26-CV-181-DCLC-MJD |

**MEMORANDUM & ORDER**

Plaintiff, an inmate in the Polk County Jail, filed a pro se complaint for violation of 42 U.S.C. § 1983 asserting that he is housed in a pod with black mold on the ceiling tiles, which causes him various issues because he is allergic to black mold [Doc. 2], and a motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons set forth below, Plaintiff's motion [*Id.*] will be **GRANTED**, and this action will be **DISMISSED**.

**I. FILING FEE**

As Plaintiff cannot pay the filing fee in a lump sum,[1] his motion for leave to proceed *in forma pauperis* [*Id.*] is **GRANTED**. Plaintiff is **ASSESSED** the civil filing fee of $350.00. 28 U.S.C. § 1914(a). The custodian of his inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402, twenty percent (20%)

[1] While a prisoner, Plaintiff has filed at least three cases that a Court dismissed for failure to state a claim upon which relief may be granted. *Locke v. McMinn County Jail, et al.*, No. 1:22-cv-002 (E.D. Tenn. Jan. 24, 2022) (dismissed at screening for failure to state a claim); *Locke v. United States Government*, *et al.*, 1:22-CV-003 (E.D. Tenn. March 30, 2022) (same); *Locke v. Ruebush, et al.*, 1:22-CV-092 (E.D. Tenn. April 15, 2022) (same). As such, Plaintiff is subject to the three-strikes rule of 28 U.S.C. § 1915(g). Nevertheless, the Court will allow Plaintiff to proceed *in forma pauperis* under the "imminent danger" exception to § 1915(g). *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008).

of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's facility to ensure payment of the filing fee. This memorandum and order shall be placed in Plaintiff's institutional file and follow him if he is transferred to a different facility.

## II. COMPLAINT SCREENING

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a PLRA initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim and allegations that do not raise a plaintiff's right to relief "above a speculative level" fail to state a plausible claim. *Id.* at 681; *Twombly*, 550 U.S. at 570. But courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

**B. Allegations**

According to Plaintiff, one and a half to two and a half years ago, jail inspectors "told them to change the ceiling tiles in A pod" of the Polk County Jail because those tiles "are covered in black mold," to which Plaintiff "is very [allergic]" [Doc. 1 p. 1]. Plaintiff has been housed in A pod since February 23, 2026, during which time he has been sick and has had to spend approximately $15 per month for medication to treat his allergy symptoms [*Id.*]. Plaintiff sues Defendants for negligence and for violation of his constitutional rights [*Id.* at 1–2].

As relief, Plaintiff seeks compensatory damages due to his mental, emotional, and physical suffering [*Id.* at 2]. Plaintiff has sued Polk County and Polk County Sheriff Ross, and he sues Sheriff Ross in his individual and official capacities [*Id.* at 1].

**C. Analysis**

**1. Individual Capacity Claims**

To state a claim against Defendant Sheriff Ross in his individual capacity, the complaint must plausibly allege that this Defendant was personally involved in a violation of Plaintiff's constitutional rights. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted); *Iqbal*, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Plaintiff's allegations regarding black mold on ceiling tiles in his pod is governed by the Eighth Amendment's prohibition against "cruel and unusual punishment [,]" which "places duties"

on prison officials.[2] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). One such duty requires prison officials to "take reasonable measures to guarantee the safety of" prisoners. *Id.* (quoting *Hudson v. Palmer*, 468 U.S. 517, 527–27 (1984)). To state a plausible claim for violation of this right against Defendant Sheriff Ross in his individual capacity, Plaintiff must set forth facts indicating that Defendant Sheriff Ross knew of and disregarded a substantial risk of serious harm to him. *Wilson v. Williams*, 961 F.3d 829, 839 (6th Cir. 2020) (providing that a prisoner's Eighth Amendment claim requires him to show "that he is incarcerated under conditions posing a substantial risk of serious harm" that the defendant was aware of and disregarded) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832, 834, 837 (1994)).

Plaintiff's complaint does not contain any facts from which the Court can plausibly infer that Defendant Sheriff Ross personally violated Plaintiff's constitutional rights. Liberally construing the complaint in Plaintiff's favor, Plaintiff alleges that Defendant Ross knew of the mold on the ceiling tiles in A pod due to a jail inspection from up to two and a half years ago stating that those ceiling tiles needed to be replaced. But the Courts in this Circuit have held that allegations of mere knowledge of the existence of mold do not state a plausible claim for relief under § 1983. *Shannon v. Bourbon Cnty.*, No. 5:23-CV-00107-GFVT-EBA, 2026 WL 775342, at *8 (E.D. Ky. Feb. 23, 2026), *report and recommendation adopted,* No. 5:23-CV-00107-GFVT-EBA, 2026 WL 769438 (E.D. Ky. Mar. 18, 2026) ("Courts in this circuit have held that the mere awareness of black mold is insufficient to state a [c]onstitutional claim" (collecting cases) (citations omitted). And Plaintiff has not set forth any facts suggesting that Defendant Sheriff

[2] It is unclear whether Plaintiff is a convicted inmate protected by the Eighth Amendment or a pretrial detainee protected by the Fourteenth Amendment. The distinction is immaterial to the Court's analysis of Plaintiff's black mold claims, however, as he must meet the *Farmer* deliberate-indifference standard under either constitutional provision. *Poynter v. Shirley*, __ F.4th __, 2026 WL 2641092, at * 2–3, 16 (6th Cir. Sep. 8, 2026).

Ross knows of a substantial risk of harm to Plaintiff based on the black mold but has not taken steps to abate that harm.

In other words, even assuming that Defendant Sheriff Ross has known of the existence of the mold due to the results of the jail inspection, nothing in the complaint plausibly suggests that Defendant Sheriff Ross's failure to replace those tiles is due to anything more than negligence. Specifically, nothing in the complaint suggests that Defendant Sheriff Ross knows that Plaintiff is allergic to mold in a manner that causes the ceiling tiles to affect Plaintiff's health but has failed to address that, such that the Court could plausibly infer that he has been deliberately indifferent to a risk of harm to Plaintiff.

As such, Plaintiff's claims against Defendant Sheriff Ross in his individual capacity are **DISMISSED**.

### 2. Polk County and Official Capacity Claims

Plaintiff's claims against Defendant Sheriff Ross in his official capacity are actually against Defendant Polk County. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"). As such, the Court addresses Plaintiff's claims against Defendant Ross in his official capacity as against Defendant Polk County.

Defendant Polk County cannot be liable under § 1983 based solely on acts of its employees. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (finding that liability under § 1983 may not be imposed merely because a defendant "employs a tortfeasor"). Rather, it can only be liable under § 1983 where its custom or policy caused a violation of Plaintiff's constitutional rights. *Id.* at 708 (Powell, J., concurring) (explaining a municipality can only be liable under § 1983 where "implementation of [its] official policies or established customs" caused a constitutional violation).

Plaintiff's complaint does not contain facts from which the Court can plausibly infer that any incident set forth in his complaint was due to a custom or policy of Defendant Polk County. As such, Plaintiff's claims against Defendant Polk County and his claims against Defendant Sheriff Ross in his official capacity are **DISMISSED**.

### 3. Negligence

As the Court dismisses Plaintiff's federal claims, the Court will exercise its discretion to decline to exercise supplemental jurisdiction over Plaintiff's negligence claims by dismissing these claims without prejudice. 28 U.S.C. § 1367(c)(3); *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726–27 (1966) ("[I]f the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.").

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;
2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;
3. The custodian of Plaintiff's inmate trust accounts is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;
4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order and the accompanying judgment order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;
5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;
6. Accordingly, this action will be **DISMISSED without prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and
7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED:**

s/Clifton L. Corker
United States District Judge